# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD PEVIA, | * |
| Plaintiff, | * |
| v. | *    Civil Action No. ELH-20-3270 |
| STEPHEN MOYER, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Donald R. Pevia is a prisoner at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. On November 10, 2020, he filed suit under 42 U.S.C. § 1983 against Stephen Moyer, then Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"); Commissioner of DPSCS Wayne Hill; Warden Frank Bishop; Assistant Warden Jeffrey Nines; and Lt. Vaughn Whitemen, alleging denial of his constitutional rights. ECF 1. Plaintiff included several exhibits with the suit. ECF 1-1.

On December 18, 2021, the court entered a Memorandum Opinion (ECF 18) and Order (ECF 19) denying the motion to dismiss or, in the alternative, motion for summary judgment (ECF 10) filed by defendants Moyer, Bishop, Nines and Whitemen. The court also stayed the proceedings as to these defendants, pending service on defendant Hill. *Id.*

Now pending is Hill's motion to dismiss, or, in the alternative, for summary judgment (ECF 28), which is supported by a memorandum (ECF 28-1) (collectively, the "Motion") and an

exhibit. ECF 28-2. Plaintiff opposes the Motion. ECF 30.[1] He has also filed motions to appoint counsel. ECF 31; ECF 32.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, plaintiff's motions to appoint counsel are denied, without prejudice. And, defendant Hill's Motion, construed as a motion to dismiss, is granted as to any claims asserted against Hill in his official capacity and denied in all other respects.

## I. Non-Dispositive Motions

Plaintiff has moved to appoint counsel. A pro se prisoner does not have a general right to counsel in a § 1983 action. *Evans v. Kuplinski*, 713 Fed. Appx. 167, 170 (4th Cir. 2017). The power of a federal district court judge to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances." *Kuplinski*, 713 Fed. App'x at 170; *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon consideration of the filing by plaintiff, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Moreover, the issues pending before the court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the

---

[1] Plaintiff's submission is a combined motion for summary judgment and opposition. I shall consider its contents as plaintiff's opposition to the dispositive motion, but deny it to the extent that it is a motion for summary judgment.

appointment of an attorney to represent plaintiff under § 1915(e)(1). Accordingly, the motions (ECF 31 and 32) are denied, without prejudice.

## II.     Factual Background

The court previously summarized the factual background of this case, as follows, ECF 18 at 2-4:

> Plaintiff alleges that defendants violated his rights under the Eighth Amendment to the Constitution by intentionally double celling him in a cell that was designed to only hold one person and by keeping him confined to the cell 22 hours per day. ECF 1-1 at 5. He seeks monetary damages and declaratory relief. ECF 1-1 at 28.
>
> A. Administrative Remedy Procedure ("ARP") NBCI-2432-19
>
> Pevia states that he was transferred from Roxbury Correctional Institution to NBCI on or about October 14, 2011. ECF 1-1 at 24. According to Pevia, while housed at NBCI he has been forced to live in unconstitutional conditions. *Id*. He contends that the cells were designed to hold one inmate but, due to over-crowding, two inmates are placed in a cell. *Id*. Further, he alleges that this double celling creates a hostile environment which endangers everyone's safety. *Id*.
>
> Plaintiff filed ARP NBCI-2432-19 on December 4, 2019, complaining that his rights under the Eighth Amendment were violated because he was double celled in a cell designed to hold only one inmate. ECF 1-1 at 5. Pevia explains that NBCI was designed to house one inmate in each cell and that unidentified staff altered documents to justify the double celling of inmates. *Id*. Pevia states that NBCI used a cell schematic that showed the cells were 80 feet in area but, in actuality, they are only 60 feet. *Id.* at 6. Further, Pevia claims that he is required to be provided 25 feet of unencumbered space, which is not provided. *Id*. He also alleges that if he is locked in his cell more than 10 hours per day, standards governing correctional facilities require that he be provided 80 feet of space. *Id*. He states he has back problems from having to always sit or lay down and not being able to exercise. *Id*. Pevia's appeals of the ARP dismissal, including to the Inmate Grievance Office, were denied.
>
> B. ARP NBCI-0697-20
>
> Pevia explains that since being housed at NBCI he has been placed in hostile environments due to the double celling conditions. ECF 1-1 at 25. Even though, in Pevia's opinion, he is to be housed in a single cell or provided more out of cell activity, Lt. Whitemen, the housing unit manager (ECF 1 at 2), has created a policy that disallows courtesy moves. ECF 1-1 at 25. Further Pevia has been advised that

3

his only remedy is to refuse his housing assignment and be placed on lock up. *Id*. He alleges that when administrators decided to house two inmates instead of one in the cells at NBCI, no modifications were made to the cells, forcing cellmates to fight over who gets to plug in their appliances. *Id*.

On March 28, 2020, Pevia filed another ARP alleging that his rights under the Eighth Amendment were violated because he was held, with another inmate, for 22 hours a day in a cell designed for one person. ECF 1-1, at 15. He alleged that because the cells were designed to hold only one inmate, there are insufficient outlets to plug in appliances, leading to hostility among the cellmates and forcing Pevia either to refuse housing or fight his cellmate. *Id*. Pevia's appeals of the denial of his ARP were denied, including at the IGO.

### III.   Standard of Review

Defendant Hill styles his motion as a motion to dismiss or, in the alternative, for summary judgment. For the reasons that follow, the court construes the Motion as one to dismiss. I shall deny the Motion.

A defendant may test the legal sufficiency of a plaintiff's complaint by way of a motion to dismiss under Rule 12(b)(6). *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). That

rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317-18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*,

478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In connection with a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brio Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not

expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, ___ U.S. ___, 135 S. Ct. 2218 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

"[B]efore treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it. *Goines*, 822 F. 3d at 167. "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id*. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations

7

omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, __ U.S. __, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## IV.   Discussion

Defendant Hill argues that plaintiff has failed to state a claim or exhaust his administrative remedies and that Hill is entitled to immunity as to claims asserted against him in his official capacity and qualified immunity in all other respects. ECF 28-1. I agree that Hill is entitled to

dismissal of any official capacity claims asserted against him but disagree with his contentions in all other respects.

    A.  Failure to State a Claim

For a prison official to be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement, "the official [must know] of and disregard[] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *Farmer*, 511 U.S. at 834, 837. In the context of an Eighth Amendment conditions of confinement claim, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka v. Smith* 71 F. 3d 162, 166 (4th Cir. 1996).

Defendant Hill maintains that Pevia has failed to allege sufficient facts against him to state a claim. In *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit articulated that supervisory liability requires that a defendant: (1) had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) the response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the allege offensive practices; and (3) there was an affirmative causal link between defendant's inaction and the alleged constitutional injury.

Read liberally, Pevia claims that his conditions of confinement, being forced to live with another inmate in a cell designed to hold only one inmate, has caused him physical injury and has

9

created a risk of harm. He names, among others, defendant Hill, the Commissioner of Correction, as a person responsible for creating and maintaining the allegedly unsafe condition of his confinement by allowing the double celling at NBCI. Pevia identified the Commissioner of Correction in at least one of the ARPs he filed regarding the conditions of his confinement. *See* ECF 1 at 15.

Pevia also alleges in his opposition that NBCI was previously ordered to discontinue double celling. ECF 30 at 2; *see* ECF 13-1 at 10 (Affidavit of Policarpio Ispinoza regarding removal of top bunks from cells in order to convert cells from double to single cells). A reasonable inference from Pevia's Complaint is that Hill, as the Commissioner of Correction, was aware of previous lawsuits, complaints, and grievances regarding the double celling at NBCI and the allegedly unsafe conditions it engendered. Viewed in the light most favorable to Pevia, the facts could show that Pevia's complaints regarding double celling showed a pervasive and unreasonable risk of injury and Hill failed to take any action, which a fact finder could conclude demonstrated either deliberate indifference or tacit authorization of Pevia's treatment at NBCI.

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). But, the court disagrees with Hill's contention that Pevia failed adequately to assert Hill's personal participation in the alleged constitutional violations. Liberally construed, Pevia alleges that Hill is responsible for the policies he complains about regarding double celling and keeping inmates in their cells 22 hours each day. Pevia's allegations are sufficient to survive the Motion.

B. Exhaustion

Defendant contends that plaintiff did not exhaust his administrative remedies because he failed to seek judicial review in a Maryland Circuit Court. ECF 28-1 at 7- 9.

In ECF 18 at 12, the court said (emphasis added):

> Although the final agency determination is subject to judicial review in a Maryland state court, contrary to Correctional Defendants' argument, **an inmate is not required to seek such judicial review in order to satisfy the PLRA's administrative exhaustion requirement.** *See Pozo*, 286 F.3d at 1024 ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

In his Complaint, Pevia alleges that he exhausted his administrative remedies, appealing the denial of his ARP to the Commissioner and then to the IGO as to each of his claims. And, he has provided some evidence that he has done so. Defendant Hill has failed to offer any evidence that Pevia has not exhausted his available administrative remedies.

C. Immunity

Defendant Hill contends that he is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. I agree. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, defendant Hill is immune from suit for actions taken in his official capacity and any claims asserted by Pevia against Hill for such actions shall be dismissed.

D. Qualified Immunity

"Qualified immunity bars § 1983 actions against government officials in their individual capacities 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. PAE Government*

11

*Services, Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 589 (2018)) (cleaned up); *see also Taylor v. Riojas*, ___ U.S. ___, 141 S. Ct. 52, 53 (2020); *Halcomb v. Ravenell*, 992 F.3d 316, 319 (4th Cir. 2021); *Humbert v. Mayor and City Council of Balt.*, 866 F.3d 546, 555 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 2602 (2018); *Osborne v. Georgiades*, 679 F. App'x 234, 237 (4th Cir. 2017); *Scinto v. Stansberry*, 841 F.3d 219, 235 (4th Cir. 2016); *Hunter v. Town of Mocksville*, 789 F.3d 389, 401 (4th Cir. 2015).

In *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 395 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015), the Fourth Circuit reiterated: "Qualified immunity protects government officials from liability for 'civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Qualified immunity turns on the "objective reasonableness of an official's conduct, as measured by reference to clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An officer who makes an honest but objectively unreasonable mistake is not protected by qualified immunity. Rather, the doctrine protects officials "'who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful.'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted); *accord Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012).

The Fourth Circuit has explained: "In determining whether defendant government officials are protected by qualified immunity, the court considers both 'whether a constitutional right [was] violated on the facts alleged' and 'whether the right was clearly established' at the time of the

conduct in question." *Scinto,* 841 F.3d at 235 (citations omitted); *see also Cannon v. Village of Bald Head Island*, 891 F.3d 489, 497 (4th Cir. 2018). Thus, the qualified immunity analysis involves two inquiries: (1) whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a constitutional [or statutory] right," *Saucier v. Katz*, 533 U.S. 194, 201 (2001); and (2) whether the right at issue "'was clearly established in the specific context of the case—that is, [whether] it was clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted.'" *Merchant v. Bauer*, 677 F.3d 656, 662 (4th Cir. 2012) (quoting *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir. 2002)). The "two inquiries . . . may be assessed in either sequence." *Merchant*, 677 F.3d at 661-62.

Qualified immunity is an affirmative defense. *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 305 (4th Cir. 2006). But, it does not merely provide a defense to liability. Rather, it provides "*immunity from* suit . . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in *Mitchell*); *see Gilliam v. Sealey*, 932 F.3d 216, 229 (4th Cir. 2019), *cert. denied*, ___U.S.___, 140 S.Ct. 2641 (2020); see also Ussery v. Mansfield*, 786 F.3d 332, 337 (4th Cir. 2015). Accordingly, the immunity is "'effectively lost if a case is erroneously permitted to go to trial.'" *Id.* (quoting *Mitchell*, 472 U.S. at 526).

The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Barrett*, 975 F.3d at 428-29; *Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019); *Wilson v. Prince George's Cty.*, 893 F.3d 213, 219 (4th Cir. 2018); *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). Countless cases support these

principles. *See, e.g., Wesby*, 137 S. Ct. at 589; *Reichle v. Howards*, 566 U.S. 658, 664 (2012); *Saucier v. Katz*, 533 U.S. 194, 206 (2001); *Robertson v. Anderson Mill Elem. School*, 989 F.3d 282, 288 (4th Cir. 2021); *Ray v. Roane*, 948 F.3d 222, 229-30 (4th Cir. 2020); *Hupp v. Cook*, 931 F.3d 307, 317 (4th Cir. 2019); *Attkisson v. Holder*, 925 F.3d 606, 623 (4th Cir. 2019); *Williamson v. Stirling*, 912 F.3d 154, 186 (4th Cir. 2018); *Wilson*, 893 F.3d at 219; *Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018); *Spivey v. Norris*, 731 F. App'x 171, 175 (4th Cir. 2018); *O'Neal v. Rollyson*, 729 F. App'x 254, 255 (4th Cir. 2018) (per curiam); *Crouse v. Town of Moncks Corner*, 848 F.3d 576, 582-83 (4th Cir. 2017); *Occupy Columbia v. Haley*, 738 F.3d 107, 118 (4th Cir. 2013); *Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013); *Merchant v. Bauer*, 677 F.3d 656, 661 (4th Cir. 2012), *cert. denied*, 568 U.S. 1068 (2012).

"The plaintiff bears the burden of proof on the first question—i.e., whether a constitutional violation occurred . . . . [and] [t]he defendant bears the burden of proof on the second question—*i.e.*, entitlement to qualified immunity." *Henry v. Purnell*, 501 F.3d 374, 377–78 (4th Cir. 2007) (internal citations omitted); *see also Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022). In other words, "[b]ecause an official 'who performs an act clearly established to be beyond the scope of his discretionary authority is not entitled to claim qualified immunity,' the defendant bears the initial burden 'of demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties.'" *Purnell, 501 F.3d* at 377 n.2 (citation omitted).

As indicated, if an officer is shown to have violated the rights of a plaintiff, the court must "evaluate whether the right at issue was 'clearly established' at the time of the officer's conduct." *Wilson*, 893 F.3d at 219. This is a question of law for the court to resolve. *Ray*, 948 F.3d at 228; *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992). Notably, "even when the facts in the record establish that the officer's conduct violated a plaintiff's constitutional rights, the officer still is entitled to immunity from suit 'if a reasonable person in the [officer's] position could have failed

to appreciate that his conduct would violate those rights.'" *Wilson*, 893 F.3d at 219 (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991)); *see also Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019); *Greene v. Feaster*, 733 F. App'x 80, 82 (4th Cir. 2018) (per curiam) ("Even when a prison official [is shown to have violated a constitutional right of a plaintiff], qualified immunity will shield him from liability as long as his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Goines*, 822 F.3d at 170).

The second inquiry "turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). If the law at the time of the alleged violation was not "clearly established," the official will be entitled to qualified immunity because "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Harlow*, 457 U.S. at 818. On the other hand, "[i]f the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Id.* at 818-19.

Plaintiff alleges that he has been double-celled for 22 hours a day in a cell designed for one person. Hill contends that the NBCI cell has 52.9 square feet of unencumbered space. ECF 28-1 at 15. Therefore, Hill argues that the conditions of confinement were within constitutional "boundaries."

Notably, a "question of material fact" as to whether "'the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005) (citation omitted). A dispute of material fact is not appropriate for resolution, either at a motion to dismiss or on summary judgment.

Because I cannot resolve the factual dispute at this juncture, the issue of qualified immunity is premature.

## IV. Conclusion

For the foregoing reasons, defendant Hill's motion seeking dismissal is GRANTED as to any official capacity claims and DENIED in all other respects. Plaintiff's motions to appoint counsel are DENIED, without prejudice. A separate Order follows.

October 3, 2022  /s/
Date  Ellen L. Hollander
United States District Judge