**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DONALD PEVIA,                                       *

Plaintiff,                                              *

v.                                                    *          Civil Action No. ELH-20-3270

STEPHEN MOYER, *et al.*,                            *

Defendants.                                          *
                                                  ***

**MEMORANDUM**

Plaintiff Donald R. Pevia is a prisoner at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland.  On November 10, 2020, he filed suit under 42 U.S.C. § 1983 against Stephen Moyer, then Secretary of Department of Public Safety and Correctional Services ("DPSCS"); Commissioner of DPSCS Wayne Hill; Warden Frank Bishop; Assistant Warden Jeffrey Nines; and Lt. Vaughn Whitemen, alleging denial of his constitutional rights.  ECF 1. Plaintiff included several exhibits with the Complaint.  ECF 1-1.

Defendants Moyer, Bishop, Nines, and Whitemen filed a motion to dismiss or, in the alternative, for summary judgment. ECF 10.  It was supported by a memorandum.  ECF 10-1. Defendants asserted that the Complaint was subject to dismissal because Pevia failed to exhaust his administrative remedies; they were each entitled to public official immunity under State law; and Pevia failed to plead personal participation.  *Id.*  Pevia opposed the motion.  ECF 13, ECF 14, ECF 15.  On December 13, 2021, the court entered a Memorandum Opinion (ECF 18) and Order (ECF 19) denying the motion.  The court also stayed the proceedings as to these defendants, pending service on defendant Hill.  *Id.*

Service was accepted for Hill.  ECF 20.  Thereafter, Hill filed a motion to dismiss or, in the alternative, for summary judgment (ECF 28), supported by a memorandum.  ECF 28-1.  He

asserted that Pevia failed to state a clam or exhaust his administrative remedies.  *Id.*  Further, Hill claimed he is entitled to immunity as to claims asserted against him in his official capacity and qualified immunity in all other respects.  *Id.*  By Memorandum Opinion (ECF 33) and Order (ECF 34) of October 3, 2022, the motion was granted solely as to any claims asserted against Hill in his official capacity and denied in all other respects.

Defendants Bishop, Hill, Moyer, Nines, and Whitemen have again moved to dismiss or, in the alternative, for summary judgment (ECF 39), supported by a memorandum (ECF 39-1) (collectively, the "Motion").  They have also submitted as an exhibit the Declaration of F. Todd Taylor, Jr., Executive Director of the Inmate Grievance Office ("IGO").  Pevia opposes the Motion.  ECF 41, ECF 42, ECF 43.[1]  He has also filed a motion to appoint counsel.  ECF 35.

No hearing is necessary to resolve the motions.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, Pevia's motion to appoint counsel is denied, without prejudice.  And, defendants' Motion, construed as a motion to dismiss, is granted as to any claims asserted against them in their official capacity and denied in all other respects.

## I.    Non-Dispositive Motions

Pevia has moved to appoint counsel.  A pro se prisoner does not have a general right to counsel in a § 1983 action.  *Evans v. Kuplinski*, 713 Fed. Appx. 167, 170 (4th Cir. 2017).  The power of a federal district court judge to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances."  *Kuplinski*, 713 Fed. App'x at 170; *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present

---

[1] In addition, Pevia filed motions to uphold the original decision (ECF 41) and to supplement his opposition (ECF 42), along with a response in opposition to the renewed dispositive motion.  ECF 43.

it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon consideration of the filings by plaintiff, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Moreover, the issues pending before the court are not unduly complicated. Therefore, there are no exceptional circumstances at this time that, under 28 U.S.C. § 1915(e)(1), warrant the appointment of an attorney to represent plaintiff.

Accordingly, I shall deny the motion for appointment of counsel (ECF 35), without prejudice.

## II.      Factual Background

The court previously summarized the factual background of this case, as follows, ECF 18 at 2-4:

> Plaintiff alleges that defendants violated his rights under the Eighth Amendment to the Constitution by intentionally double celling him in a cell that was designed to only hold one person and by keeping him confined to the cell 22 hours per day. ECF 1-1 at 5. He seeks monetary damages and declaratory relief. ECF 1-1 at 28.
>
> A. Administrative Remedy Procedure ("ARP") NBCI-2432-19
>
> Pevia states that he was transferred from Roxbury Correctional Institution to NBCI on or about October 14, 2011. ECF 1-1 at 24. According to Pevia, while housed at NBCI he has been forced to live in unconstitutional conditions. *Id*. He contends that the cells were designed to hold one inmate but, due to over-crowding, two inmates are placed in a cell. *Id*. Further, he alleges that this double celling creates a hostile environment which endangers everyone's safety. *Id*.
>
> Plaintiff filed ARP NBCI-2432-19 on December 4, 2019, complaining that his rights under the Eighth Amendment were violated because he was double celled in a cell designed to hold only one inmate. ECF 1-1 at 5. Pevia explains that NBCI was designed to house one inmate in each cell and that unidentified staff altered documents to justify the double celling of inmates. *Id*. Pevia states that NBCI used

a cell schematic that showed the cells were 80 feet in area but, in actuality, they are only 60 feet. *Id.* at 6. Further, Pevia claims that he is required to be provided 25 feet of unencumbered space, which is not provided. *Id*. He also alleges that if he is locked in his cell more than 10 hours per day, standards governing correctional facilities require that he be provided 80 feet of space. *Id*. He states he has back problems from having to always sit or lay down and not being able to exercise. *Id*. Pevia's appeals of the ARP dismissal, including to the Inmate Grievance Office, were denied.

B.  ARP NBCI-0697-20

Pevia explains that since being housed at NBCI he has been placed in hostile environments due to the double celling conditions.  ECF 1-1 at 25. Even though, in Pevia's opinion, he is to be housed in a single cell or provided more out of cell activity, Lt. Whitemen, the housing unit manager (ECF 1 at 2), has created a policy that disallows courtesy moves. ECF 1-1 at 25. Further Pevia has been advised that his only remedy is to refuse his housing assignment and be placed on lock up. *Id*. He alleges that when administrators decided to house two inmates instead of one in the cells at NBCI, no modifications were made to the cells, forcing cellmates to fight over who gets to plug in their appliances. *Id*.

On March 28, 2020, Pevia filed another ARP alleging that his rights under the Eighth Amendment were violated because he was held, with another inmate, for 22 hours a day in a cell designed for one person. ECF 1-1, at 15. He alleged that because the cells were designed to hold only one inmate, there are insufficient outlets to plug in appliances, leading to hostility among the cellmates and forcing Pevia either to refuse housing or fight his cellmate. *Id*. Pevia's appeals of the denial of his ARP were denied, including at the IGO.

In the Memorandum Opinion resolving Hill's Motion to Dismiss, I noted, ECF 33 at 10:

Pevia also alleges in his opposition that NBCI was previously ordered to discontinue double celling. ECF 30 at 2; see ECF 13-1 at 10 (Affidavit of Policarpio Ispinoza regarding removal of top bunks from cells in order to convert cells from double to single cells).

### III.    Standard of Review

Defendants style their Motion as a motion to dismiss or, in the alternative, for summary judgment.  For the reasons that follow, the court construes the Motion as one to dismiss.  Except as to the official capacity claims, I shall deny the Motion.

A defendant may test the legal sufficiency of a plaintiff's complaint by way of a motion to dismiss under Rule 12(b)(6). *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317-18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  To be sure,

a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam).  But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).  However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In connection with a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brio Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020).  But, "in the relatively rare circumstances where facts sufficient to rule on an

affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg*

*v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

"[B]efore treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it.  *Goines*, 822 F. 3d at 167.  "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id*. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity."  *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, __ U.S. __, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).  *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Because plaintiff is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as

to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## IV.     Discussion

Defendants argue that plaintiff has failed to state a claim and that they are entitled to immunity as to claims asserted against them in their official capacity and qualified immunity in all other respects. ECF 39-1. For the reasons stated in the court's Memorandum Opinion dated October 3, 2022 (ECF 33), I agree that defendants are each entitled to dismissal of any official capacity claims asserted against them. *Id.* at 11. But, I disagree with their contentions in all other respects.

The Court previously rejected Defendant Hill's contention that Pevia failed to state a claim and that he was entitled to qualified immunity. ECF 33. Nevertheless, defendants reassert those same arguments. *See* ECF 39-1. The reasoning I previously provided in finding Pevia stated an Eighth Amendment claim as to Hill applies to each defendant.

### A.  Failure to State a Claim

After explaining the standard for assessing a motion to dismiss as well as the law surrounding claims regarding the conditions of confinement, I stated, ECF 33 at 9-10:

> Read liberally, Pevia claims that his conditions of confinement, being
> forced to live with another inmate in a cell designed to hold only one inmate, has

9

caused him physical injury and has created a risk of harm.  He names, among others, defendant Hill, the Commissioner of Correction, as a person responsible for creating and maintaining the allegedly unsafe condition of his confinement by allowing the double celling at NBCI.  Pevia identified the Commissioner of Correction in at least one of the ARPs he filed regarding the conditions of his confinement. See ECF 1 at 15.

Pevia also alleges in his opposition that NBCI was previously ordered to discontinue double celling. ECF 30 at 2; *see* ECF 13-1 at 10 (Affidavit of Policarpio Ispinoza regarding removal of top bunks from cells in order to convert cells from double to single cells).  A reasonable inference from Pevia's Complaint is that Hill, as the Commissioner of Correction, was aware of previous lawsuits, complaints, and grievances regarding the double celling at NBCI and the allegedly unsafe conditions it engendered. Viewed in the light most favorable to Pevia, the facts could show that Pevia's complaints regarding double celling showed a pervasive and unreasonable risk of injury and Hill failed to take any action, which a fact finder could conclude demonstrated either deliberate indifference or tacit authorization of Pevia's treatment at NBCI.

****

Liberally construed, Pevia alleges that Hill is responsible for the policies he complains about regarding double celling and keeping inmates in their cells 22 hours each day.  Pevia's allegations are sufficient to survive the Motion.

In denying the earlier motion of Moyer, Bishop, Nines, and Whitemen, I said, in pertinent part, ECF 18 at 13:

Liberally construed, plaintiff alleges that defendants Moyer, Bishop and Nines are responsible for the policies he complains about regarding double celling and keeping inmates in their cells 22 hours each day. Further, he alleges that Whitemen, the housing unit officer, will not approve any "courtesy moves" to alleviate time spent double celled."

For the reasons explained in the court's previous memoranda opinions (ECF 18 and ECF 33), I conclude that Pevia has stated an Eighth Amendment claim as to each named defendant with respect to the alleged conditions of his confinement.

B.  Qualified Immunity

In generally, defendants assert the defense of qualified immunity.  But, they provide only generic statements of the principles of qualified immunity and offer no substantive analysis of this issue.

Notably, I previously rejected Hill's qualified immunity defense.  I reasoned, ECF 33 at 11-15.

> "Qualified immunity bars § 1983 actions against government officials in their individual capacities 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. PAE Government Services, Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 589 (2018)) (cleaned up); *see also Taylor v. Riojas*, ___ U.S. ___, 141 S. Ct. 52, 53 (2020); *Halcomb v. Ravenell*, 992 F.3d 316, 319 (4th Cir. 2021); *Humbert v. Mayor and City Council of Balt.*, 866 F.3d 546, 555 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 2602 (2018); *Osborne v. Georgiades*, 679 F. App'x 234, 237 (4th Cir. 2017); *Scinto v. Stansberry*, 841 F.3d 219, 235 (4th Cir. 2016); *Hunter v. Town of Mocksville*, 789 F.3d 389, 401 (4th Cir. 2015).
>
> In *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 395 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015), the Fourth Circuit reiterated: "Qualified immunity protects government officials from liability for 'civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
>
> Qualified immunity turns on the "objective reasonableness of an official's conduct, as measured by reference to clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An officer who makes an honest but objectively unreasonable mistake is not protected by qualified immunity. Rather, the doctrine protects officials "'who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful.'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted); *accord Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012).
>
> The Fourth Circuit has explained: "In determining whether defendant government officials are protected by qualified immunity, the court considers both 'whether a constitutional right [was] violated on the facts alleged' and 'whether the right was clearly established' at the time of the conduct in question." *Scinto*, 841 F.3d at 235 (citations omitted); *see also Cannon v. Village of Bald Head Island*, 891 F.3d 489, 497 (4th Cir. 2018). Thus, the qualified immunity analysis involves

two inquiries: (1) whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a constitutional [or statutory] right," *Saucier v. Katz*, 533 U.S. 194, 201 (2001); and (2) whether the right at issue "'was clearly established in the specific context of the case—that is, [whether] it was clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted.'" *Merchant v. Bauer*, 677 F.3d 656, 662 (4th Cir. 2012) (quoting *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir. 2002)). The "two inquiries . . . may be assessed in either sequence." *Merchant*, 677 F.3d at 661-62.

Qualified immunity is an affirmative defense. *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 305 (4th Cir. 2006). But, it does not merely provide a defense to liability. Rather, it provides "*immunity from* suit . . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in *Mitchell*); *see Gilliam v. Sealey*, 932 F.3d 216, 229 (4th Cir. 2019), *cert. denied,* ___U.S.___, 140 S.Ct. 2641 (2020)*; see also Ussery v. Mansfield*, 786 F.3d 332, 337 (4th Cir. 2015). Accordingly, the immunity is "'effectively lost if a case is erroneously permitted to go to trial.'" *Id.* (quoting *Mitchell*, 472 U.S. at 526).

The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Barrett*, 975 F.3d at 428-29; *Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019); *Wilson v. Prince George's Cty.*, 893 F.3d 213, 219 (4th Cir. 2018); *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). Countless cases support these principles. *See, e.g., Wesby*, 137 S. Ct. at 589; *Reichle v. Howards*, 566 U.S. 658, 664 (2012); *Saucier v. Katz*, 533 U.S. 194, 206 (2001); *Robertson v. Anderson Mill Elem. School*, 989 F.3d 282, 288 (4th Cir. 2021); *Ray v. Roane*, 948 F.3d 222, 229-30 (4th Cir. 2020); *Hupp v. Cook*, 931 F.3d 307, 317 (4th Cir. 2019); *Attkisson v. Holder*, 925 F.3d 606, 623 (4th Cir. 2019); *Williamson v. Stirling*, 912 F.3d 154, 186 (4th Cir. 2018); *Wilson*, 893 F.3d at 219; *Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018); *Spivey v. Norris*, 731 F. App'x 171, 175 (4th Cir. 2018); *O'Neal v. Rollyson*, 729 F. App'x 254, 255 (4th Cir. 2018) (per curiam); *Crouse v. Town of Moncks Corner*, 848 F.3d 576, 582-83 (4th Cir. 2017); *Occupy Columbia v. Haley*, 738 F.3d 107, 118 (4th Cir. 2013); *Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013); *Merchant v. Bauer*, 677 F.3d 656, 661 (4th Cir. 2012), *cert. denied*, 568 U.S. 1068 (2012).

"The plaintiff bears the burden of proof on the first question—i.e., whether a constitutional violation occurred . . . . [and] [t]he defendant bears the burden of proof on the second question—*i.e.*, entitlement to qualified immunity." *Henry v. Purnell*, 501 F.3d 374, 377–78 (4th Cir. 2007) (internal citations omitted); *see also Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022). In other words, "[b]ecause an official 'who performs an act clearly established to be beyond the scope of his discretionary authority is not entitled to claim qualified immunity,' the defendant

bears the initial burden 'of demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties.'" *Purnell, 501 F.3d* at 377 n.2 (citation omitted).

As indicated, if an officer is shown to have violated the rights of a plaintiff, the court must "evaluate whether the right at issue was 'clearly established' at the time of the officer's conduct." *Wilson*, 893 F.3d at 219. This is a question of law for the court to resolve. *Ray*, 948 F.3d at 228; *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992). Notably, "even when the facts in the record establish that the officer's conduct violated a plaintiff's constitutional rights, the officer still is entitled to immunity from suit 'if a reasonable person in the [officer's] position could have failed to appreciate that his conduct would violate those rights.'" *Wilson*, 893 F.3d at 219 (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991)); *see also Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019); *Greene v. Feaster*, 733 F. App'x 80, 82 (4th Cir. 2018) (per curiam) ("Even when a prison official [is shown to have violated a constitutional right of a plaintiff], qualified immunity will shield him from liability as long as his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Goines*, 822 F.3d at 170).

The second inquiry "turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). If the law at the time of the alleged violation was not "clearly established," the official will be entitled to qualified immunity because "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Harlow*, 457 U.S. at 818. On the other hand, "[i]f the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Id.* at 818-19.

Plaintiff alleges that he has been double-celled for 22 hours a day in a cell designed for one person. Hill contends that the NBCI cell has 52.9 square feet of unencumbered space. ECF 28-1 at 15. Therefore, Hill argues that the conditions of confinement were within constitutional "boundaries."

Notably, a "question of material fact" as to whether "'the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005) (citation omitted). A dispute of material fact is not appropriate for resolution, either at a motion to dismiss or on summary judgment.

Because I cannot resolve the factual dispute at this juncture, the issue of qualified immunity is premature.

The same rationale applies to the qualified immunity argument now advanced by all of the defendants.  Defendants have added no additional evidence to the record that would alter this finding or allow for resolution of the factual dispute.  Rather, defendants present a boilerplate qualified immunity argument without application of the law to the facts.

For a prison official to be found liable under the Eighth Amendment for denial of humane conditions of confinement, "the official [must know] of and disregard[] an excessive risk to inmate . . .  safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,  837 (1994); *see also Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *Farmer*, 511 U.S. at 834, 837. In the context of an Eighth Amendment conditions of confinement claim, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions."  *Shakka v. Smith* 71 F. 3d 162, 166 (4th Cir. 1996).

Plaintiff alleges that he has been double-celled for 22 hours a day in a cell designed for one person. He contends that being forced to live with another inmate in a cell designed to hold only one inmate has caused him physical injury and has created a risk of harm. Pevia also alleges in his opposition that NBCI was previously ordered to discontinue double celling. ECF 30 at 2; *see* ECF 13-1 at 10.

Previously, Hill argued that the cell is constitutionally sufficient based on its size. ECF 28-1 at 15. Defendants do not provide evidence as to the amount of unencumbered space in the cell where Pevia was doubled cell or provide any information regarding his out-of-cell activity.

A reasonable inference from Pevia's assertions is that defendants were aware of previous lawsuits, complaints, and grievances regarding the double celling at NBCI and the allegedly unsafe conditions it created. Where, as here, a plaintiff has "'made a showing sufficient to' demonstrate an intentional violation of the Eighth Amendment, 'they have also made a showing sufficient to overcome any claim to qualified immunity.'" *Thorpe v. Clarke*, 37 F.4th 926, 934 (4th Cir. 2022) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n. 15 (3d Cir. 2001)). As the Court in *Thorpe* reiterated, "qualified immunity does not shield 'those who knowingly violate the law.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). "And because the Eighth Amendment's deliberate-indifference standard requires knowing conduct, an official who was deliberately indifferent could not believe 'that [their] actions comported with clearly established law.'" *Pfaller v. Amonette*, 55 F.4th 436, 446 (4th Cir. 2022) (quoting *Thorpe* 37 F.4th at 937) (alteration in *Pfaller*).

Defendants cannot dispute that there is clearly established law regarding the conditions of confinement of inmates housed in double cells for prolonged periods of time, which can constitute a violation of the Eighth Amendment. As to whether such a violation has occurred, as previously discussed, there are genuine issues of material fact that warrant denial of a motion to dismiss and which would also preclude the grant of qualified immunity at this time.

Notably, a "question of material fact" as to whether "'the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'"  *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005) (citation omitted).  A dispute of material fact is not appropriate for resolution on summary judgment.

**IV. Conclusion**

For the foregoing reasons, defendants' motion seeking dismissal is GRANTED as to any official capacity claims and DENIED in all other respects.  Plaintiff's motions to uphold original decision (ECF 41) and to supplement his opposition response (ECF 42) are denied, as moot.  A separate Order follows.

May 30, 2023                                          /s/
Date                                     Ellen L. Hollander
                                         United States District Judge